

# NUMBERS 13-09-00090-CR and 13-09-00091-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VALENTINE REYES, JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion Per Curiam

Appellant, Valentine Reyes, Jr., attempted to perfect appeals from a conviction for aggravated sexual assault and possession of a firearm by felon. We dismiss the appeals for want of jurisdiction.

Sentences were imposed on October 29, 2008, counsel filed motions for new trial on November 26, 2008, and notices of appeal were filed on February 4, 2009. On February 18, 2009, the Clerk of this Court notified appellant that it appeared that the appeals were not timely perfected. Appellant was advised that the appeals would be dismissed if the defects were not corrected within ten days from the date of receipt of the Court's directive. Counsel filed motions to extend time for filing the notices of appeal on March 6, 2009.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Although the notices of appeal herein were filed within the fifteen-day grace period for filing a motion for extension of time to file notice of appeal, no such motions for extension of time were filed within the fifteen-day grace period. *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the

appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeals are DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 9th day of April, 2009.